**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO.:

RICARDO GONZALEZ,

      Plaintiff,

vs.

CGIS SECURITIES LLC,
a Foreign Limited Liability Company,

      Defendant.

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, RICARDO GONZALEZ ("Mr. Gonzalez" or "Plaintiff"), by and through the undersigned counsel, files this Complaint against Defendant, CGIS SECURITIES LLC ("Defendant" or "CGIS"), a foreign limited liability company, and states as follows:

1.      Plaintiff brings this action for disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*., and the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA").

2.      Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages and his attorneys' fees and costs.

## PARTIES

3.      Plaintiff is an adult individual who applied to work for Defendant's company in Miami-Dade County, Florida.

4.      Defendant is a Florida limited liability company that operates and conducts business in Miami, Miami-Dade County, Florida, and is therefore within the jurisdiction of this Court.

5.      Plaintiff, a disabled male, is protected by the ADA because he suffered discrimination on the basis of his disability, and/or perceived disability, by Defendant.

6.      Defendant was at all material times an "employer" as defined by the ADA, as it employed in excess of fifteen (15) employees.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331 as they arise under 42 U.S.C. § 12101, *et seq.*

8.      This Court has supplemental jurisdiction over Plaintiff's FCRA claim, as it arises out of the same set of operative facts and circumstances as his ADA claims.

## CONDITIONS PRECEDENT

9.      On or about October 25, 2019, Plaintiff timely dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the Florida Commission on Human Relations ("FCHR").

10.     On February 5, 2020, the EEOC mailed Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his disability discrimination claims within ninety (90) days of his receipt of same.

11.     More than one-hundred-and-eighty (180) days have passed since the filing of Plaintiff's FCRA claims, rendering Plaintiff's FCRA claims ripe for filing.

12.     Plaintiff timely files this action within the applicable period of limitations against Defendant, and has complied with all administrative prerequisites.

13.     All conditions precedent to this action have been satisfied and/or waived.

**STATEMENT OF FACTS**

14.     Mr. Gonzalez interviewed for the position of Chief Compliance Officer with CGIS on May 20, 2019.

15.     The interview was conducted by the Chief Executive Officer of CGIS, Mr. Rigoberto Dapena.

16.      Mr. Gonzalez suffers from a disability protected under the ADA and the FCRA, specifically alcoholism.

17.     As the job interview wound down, Mr. Dapena asked Mr. Gonzalez a series of improper and unlawful questions.

18.     Mr. Dapena directly asked Mr. Gonzalez, "are you an alcoholic?"

19.     Taken aback, Mr. Gonzalez disclosed that he indeed suffered from alcoholism.

20.     Mr. Dapena told Mr. Gonzalez that he had made a phone call and that the information regarding Mr. Gonzalez's alcoholism had been disclosed to him during the course of that phone call.

21.     Mr. Dapena bade Mr. Gonzalez farewell, stating that Mr. Gonzalez would hear from CGIS within forty-eight (48) hours regarding a final decision with respect to his candidacy for the Chief Compliance Officer position.

22.     Mr. Gonzalez followed up the interview with a note thank Mr. Dapena for taking the time to interview him.

23.     Neither Mr. Dapena nor anybody else with CGIS ever contacted Mr. Gonzalez thereafter.

24. CGIS declined to hire Mr. Gonzalez owing to his disability, and/or its perception of Mr. Gonzalez as disabled.

25. The timing of Plaintiff's disclosure of his disability and CGIS's refusal to hire him creates a close temporal proximity between the two events.

26. Mr. Gonzalez's health condition certainly is considered a protected disability under the ADA.

27. Plaintiff was qualified to perform the essential functions of the position, but CGIS believed that due to his disability, and/or its perception of Plaintiff's disability, Plaintiff could not commence employment with Defendant.

28. The ADA and the FCRA require an employer to provide its disabled employees and applicants with reasonable accommodation, if such reasonable accommodation would allow that employee to perform the essential functions of his or her job, unless doing so would impose an undue hardship.

29. Defendant failed to accommodate, or even offer to accommodate, Plaintiff's disability and related symptoms.

30. Defendant's actions are the exact type of unfair employment practices that the ADA and the FCRA were intended to prevent.

31. Defendant lacked a good faith basis for its actions.

32. The facts surrounding Plaintiff's failure to hire creates a strong inference of disability discrimination in violation of the ADA and the FCRA.

33. CGIS was aware of Mr. Gonzalez's ADA- and FCRA-protected medical condition.

34. Defendant, however, being well aware of Plaintiff's disability, discriminated and against Plaintiff for potentially requiring reasonable accommodation for same.

35.     Mr. Gonzalez is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of the Chief Compliance Officer position.

36.     Reasonable accommodation would have permitted Mr. Gonzalez to perform the job duties of Chief Compliance Officer, and would have imposed no undue hardship on Defendant.

37.     By reason of the foregoing, Defendant's actions, and inactions, affected the "terms, conditions, or privileges" of Plaintiff's potential employment as envisioned by the ADA and the FCRA.

38.     In the alternative, Defendant perceived/regarded Plaintiff as disabled based on the disclosure of his medical condition, and therefore unable to perform the essential functions of the open position, despite the fact that Plaintiff could in fact perform same with or without reasonable accommodation.

39.     Defendant's reason for refusing to hire Plaintiff is direct evidence of its intent to insulate its workplace from a disabled employee, or an employee whom Defendant perceived/regarded as disabled, in violation of the ADA.

40.     Defendant's refusal to hire Plaintiff constitutes an adverse action as defined by the ADA.

41.     At all times material hereto, Plaintiff was ready, willing and able to perform the job duties of Chief Compliance Officer with or without reasonable accommodation.

42.     Despite the availability of a reasonable accommodation under the ADA, which would not have caused Defendant an undue burden, and despite the fact that Plaintiff was not, and would not be, prevented by his medical condition from completing the assigned job duties, Defendant discriminated against Plaintiff based on his disability and potential need for medical

treatment/accommodation.

43.    By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions, or privileges" of Plaintiff's potential employment as envisioned by the ADA.

44.    Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity, but was treated by Defendant as if it did.

45.    Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

46.    Defendant does not have a non-discriminatory, non-retaliatory rationale for allowing and participating in the discrimination suffered by Plaintiff.

47.    Any reason provided by Defendant for its refusal to hire Plaintiff is a pretext and cover-up for illegal discrimination.

48.    Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during his candidacy for the open Chief Compliance Officer position.  Therefore, he is a member of a protected class as envisioned by the ADA.

49.    Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately was not hired, because of his disability and/or "perceived disability."

50.    Plaintiff has suffered damages as a result of Defendant's conduct, including loss of possible employment, wages, benefits, and other remuneration to which he is entitled.

51.    Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

52.    Plaintiff realleges and adopts the allegations contained in paragraphs 1-51 of the Complaint as if fully set forth in this Count.

53.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

54.     The discrimination to which Plaintiff was subjected was based on his disability, or Defendant's perception that Plaintiff was disabled.

55.     Defendant unlawfully refused to hire Plaintiff based on his medical condition and disability, and/or perceived disability.

56.     Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

57.     The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

58.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT II- DISABILITY DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

59.     Plaintiff realleges and adopts the allegations contained in paragraphs 1-51 of the Complaint as if fully set forth in this Count.

60.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the Florida Civil Rights Act, Chapter 760, Florida Statutes.

61.     The discrimination to which Plaintiff was subjected was based on his disability, or Defendant's perception that Plaintiff was disabled.

62.     Defendant unlawfully refused to hire Plaintiff P based on his medical condition and disability, and/or perceived disability.

63.     Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

64.     The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, in order to deter it, and others, from such conduct in the future.

65.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 28th day of April, 2020.

Respectfully Submitted,

By: **/s/ Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. State Rd. 84 Suite 103
Davie, FL 33324
Telephone:  (866) 344-9243
Facsimile:    (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Attorneys for Plaintiff*